Case No: 1:18cv144

Ulysses v. Kim Jones, et al.

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Submitted by plaintiff:
Ulysses J. Ware, Esq.
Ulysses T. Ware, Esq.
Reg. No. 56218-019
FCC Beaumont, TX (low), SHU
P.O. Box 26020
Beaumont, TX 77720

APR - 3 2018

BY
DEPUTY_____

Filed on March 28, 2018 pursuant to Houston v. Lack.

In the United States District Court
For the Eastern District of Texas
Beaumont Division

Ulysses T. Ware, Esq., Plaintiff (individually);
and as member of class of similarly situated Inmates,

V.

Kim Jones, Wanda Jones, Joe White, Reginald Davis, Rachel Chapa, Tina Hauck, James Dern, B.(FNU) Bachner, A.(FNU) Cruz, R.(FNU) Reyes, V.(FNU) Dimmock, J.A. Keller, D.(FNU) Orr, Lisa Sunderman, R.(FNU) Hodges, FNU Fiorolla, Darlene Drew, Steven Smith, Christopher Jackson, Roberta Smith, Diedra Gorden, Leslie Carpenter, Michelle Charles, LeRoy Miniss, Johnnie Butt, Greg Lewis, Greg Duncan, Robert U. Black, Dallas B. Jones, D.(FNU) Gibson, L. Griffin, Ian Connors, Zack J. Hawthorn, Marcia A. Crone, David A. O'Toole, BOP South Central Regional Counsel, John Doe #1, BOP South Central Regional Director, John Doe #2, B.(FNU) Dennis, M.K. Lewis, Fredrick Frazier, Leonard B. Sand, Robert W. Sweet, William H. Pauley, III, Thomas J. McCarthy, Robert A. Katzmann, Peter W. Hall, Barbara S. Jones, Amalya L. Kearse, Robert D. Sack, Jon O. Newman, Alexander H. Southwell, Nicholas S. Goldin, Maria E. Douvas, Steven D. Feldman, David N. Kelley, Michael J. Garcia, Preet Bharara, Joon H. Kim, Katherine Polk-Failla, Sarah E. Paul, Sarah K. Eddy, Andrew L. Fish, Donald B. Verilli, Eric H. Holder, Jr., Loretta Lynch, Rod Rosenstein, Geoffrey S. Berman,

(1)

Andrew J. Peck, Michael H. Dolinger, Gerald B. Tjoflat, Stanley Marcus, Charles R. Wilson, Adelberto Jordan; Margaret H. Murphy, Joyce Bihary, Coleman Ray Mullins, M. Regina Thomas, Pat Sinback, James H. Morawetz, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Audra P. Dial, Ari Rabinowitz, Kenneth A. Zitter, Kent J. Dawson, Jeffrey B. Norris, Duke School of Law, Spencer C. Barasch, Andrews & Kruth, LLP, Proskauer & Rose, LLP, Sally Q. Yates, John A. Horn, Beverly B. Martin, Peter T. Fay, William H. Pryor, Jill Pryor, Edward Carnes, Julie E. Carnes, Orinda D. Evans, Marvin H. Shoob, Linda T. Walker, John C. Martin, Probert Hannan, Steven Webster, Steven R. Peikin, Joan Mckown, Benjamin H. Torrance, Margaret Garnett, William Smith-Greig, John G. Roberts, Jr., James N. Hatten, Catherine Fol O'Hagan-Wolfe, Ruby Krazick, Michael F. Bachner, Gary G. Becker, Marlon Kirton, Edward T. M. Garland, Manibur S. Arora, Donald F. Samuel; Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Ltd, Amro International, S.A., LH Financial, Edward Grushko, Barbara R. Mittman, Grushko & Mittman, P.C.; Garland, Samuel, & Loeb, P.C.; Thomas V. Sjoblom; Kilpatrick, Townsend, & Stockton, LLP; Simpson, Thatcher & Barlett, LLP; Paul Hastings, LLP; Gibson, Dunn & Cruther, LLP; Kirkland & Ellis, LLP; Cahill, Gordan & Reindell, LLP; Alfred T. Goodwin, Johunie B. Rawlingson; The State Bar of Georgia, William P. Smith, III, Paula Fredrick, Jenny Mittleman, Jonathan Hewitt, Jeremy Jones, Myron Williams, Carlton Epps, Elrico Sadler, Charles H. Jackson, Michael McAuliffe, James H. Roth, Lisa Scolari; Thomas R. Mixon; Thomas W. Thrash, Jr., Gerrilyn G. Brill, E. Clayton Scofield; Maria Font, David Makol, Alex Kozinski; Thomas J. Karr; Alexander J. Wilson; James C. Duff; and John Doe #3, John Doe #4, jointly, severally, individually in each personal capacity, collectively (the "Deffenchats" or "Unindicted Co-Conspirators").

Verified Complaint
Plaintiff's Civil Complaint
42 USC §§1983, 1985

## I.

A. Exhaustion of All Available Administrative Remedies.

    Plaintiff, where applicable, has exhausted all available administrative remedies afforded or made available by the Bureau of Prisons, the Department of Justice, or any other relevant federal agency.

B. Subject Matter Jurisdiction and Venue.

    Since beginning on or about April 2002 in Atlanta, GA, Beaumont, TX, New York, NY, Washington, D.C., Las Vegas, NV, San Francisco, CA, and elsewhere the Defendants organized, confederated, associated, acted in concert, colluded, conspired, agreed, and racketeered to violate the United States Constitution, federal and state laws, federal and states regulations, and other policies and procedures of States and the United States as knowing direct or indirect participants in an illegal association in fact as defined at 18 USC 1961(4), (5), a continuing criminal enterprise, (the "CCE"); and since on or about June 6, 2016 continuing to the present (March 27, 2018), and beyond in Beaumont, TX, New York, NY, and Washington, D.C. the Defendants, jointly, severally, and acting in their individual capacity, and at all time acting in the "clear absence of all subject matter jurisdiction" conspired with each other and others both known and unknown and all did in Beaumont, TX and elsewhere knowingly violate the First, Fourth, Fifth, Seventh and Nineth Amendments of the United States Constitution, Texas, Georgia, New York, California, Nevada, and District of Columbia state laws, (the "State Laws") in knowing violation of 42 USC Sections 1983 and 1985; and in violation of 18 USC Sections 1962(a-d), 2, 4, 201(b), 241, 242, 371, 1001, 1201, 1202, 1341, 1343, 1503, 1505, 1512, 1621-23, 1951(a), 1956-58; 11 USC §§ 156-58; 15 USC 77 e(a), 77x; and 15 USC §§ 78g(b), 78o(a)(1), 78p(b), 78ff, and Rule 10b-5, collectively (the "RICO Crimes").

    Accordingly pursuant to 28 USC 1331 a federal cause of action exist conferring subject matter jurisdiction on the United States District Court (EDTX), Beaumont Division; and subject matter jurisdiction and venue exist in any federal district district where any act of the CCE occurred; and pendent jurisdiction exist over all claims contained herein to

(3)

resolve all issues of fact and law relevant to final jurisdiction.

C. Subject Matter Jurisdiction over federal judges and prosecutors.

Subject matter jurisdiction, 28 USC 1331 and 18 USC 1961-68, currently exist over each federal judge or federal prosecutors named herein as either a Defendant or Unindicted Co-conspirator for the following legal and factual reasons:

(1) The federal judges acted in the "clear absence of all subject matter jurisdiction" with regard to (i) U.S. v. Ware, 04-Cr-1224 (SDNY); (ii) U.S. v. Ware, 05-Cr-1115 (SDNY); (iii), Alpha Capital, AG, et al. v. Group Management Corp., 02-cv-2219 (SDNY); (iv) SEC v. Investment Technology, Inc., 03-0831 (D.NV); and 03-93031-mhu (BCNDGA);

(2). The federal prosecutors acted in the clear absence of a probable cause in (i). U.S. v. Ware, 04-Cr-1224 (SDNY) and (ii) U.S. v. Ware, 05-Cr-1115 (SDNY). As a matter of law probable cause was a legal impossibility in 04-Cr-1224 as of 02/02/2001 given Ari Rabinowitz and Defendants Alpha Capital, AG; Markham Holdings, Ltd; Stonestreet, L.P., Kenneth A. Zitter, Esq., LH Financial, Edward Grusko, Barbara R. Mittman, Esq., and others were not registered with the Securities & Exch. Comm'n., ("SEC") nor Financial Industry Regulatory Ass'n., ("FINRA") pursuant to 15 USC §78o(a)(1): the 02-cv-2219 (SDNY) district court lacked all Article III jurisdiction of the null and void subject matter of the 02-cv-2219 lawsuit.

The federal prosecutors lacked all probable cause in 05-Cr-1115 (SDNY) as of 07/14/2003 upon the United States SEC, the real party in interest, pleading the United States and its privies (the BOP, SEC, AoC, FBI, DOJ, U.S. Marshals, etc. employees, agents and officials) out of the federal courts at paragraph #33 of the 03-0831 (D.NV) bogus lawsuit: pleading via binding Art. II, §3 litigation position, judicial admission, the press releases of INZS and SVSY were

(4)

legally and factually immaterial: "the press releases had no effect on the stock prices," (the "USA's Immaterial Litigation Position").

Therefore, as a matter of law, ipso facto, with probable cause being a legal impossibility in both 04-cr-1224 and 05-cr-1115, accordingly an "offense" was a legal impossibility, and thus (1) the federal prosecutors all lacked 28 USC §547 standing to (i) have sought any indictment and (ii) to have even appeared in a United States federal court to make any argument on behalf of the United States; and (2) the 04-cr-1224 and 05-cr-1115 district courts lacking an "offense" both lack, as a matter of law, 18 USC 3231 subject matter jurisdiction to have adjudicated and entered any lawful order or judgment in their respective proceedings.

All judgments of conviction, sentence, and custody since 2007 have been null and void ab initio, in respect to ~~Defend~~ Plaintiff's current illegal custody by the Defendants and the CCE in Beaumont, TX federal prison (low), Special Housing Unit ("SHU").


D. Sworn Declaration of Fact: FRE 201(b) Judicial Notice.

Pursuant to FRE 201(b) judicial notice is properly taken of judicial public records, court orders and final judgments, judicial admission of the Executive Branch in federal courts, and uncontested, denied or disputed sworn declaration facts in lawsuit where the Defendants herein are named as adverse party respondents or defendants.

(1). Therefore judicial notice is proper of: FINRA's public database, Broker Check.gov, proving no Defendant on 02/02/2001 was registered pursuant to 15 USC §78O(a)(1) as a lawful broker-dealer; and therefore as a matter of law the defendants in 02-cv-2219 (SDNY) all lacked Art. III standing -- also they lacked Art. III standing in In re Group Management Corp., 03-93031-mhm

(5)

(BC NDGA), Chapter 11 proceeding -- and the (1) 02-cv-2219 (SDNY) and (2) 04-Cr-1224 (SDNY) district courts both lacked Art. III subject matter jurisdiction over their respective null and void ab initio proceedings;

(2). the 07/14/2003 Art. II, §3 Executive Branch's binding litigation position taken at paragraph #33 of the United States visible complaint filed in 03-0831 (D.NV), which by the way was not signed pursuant Fed. R. Civ. P. 11(a) by a SEC lawyer actually admitted to the District Court (D.NV) on 07/14/2003, cf. DKt. # 142, 04/15/2012 at n. 2 (SEC lawyer Wm. Smith-Greig's judicial admission conceding the 03-0831 (D.NV) complaint was never lawfully executed and properly signed), legally conceding the materiality of INZS and SVSY's press ~~pre~~ releases; and therefore annulled all probable cause in U.S. v. Ware, 05-Cr-1115 (SDNY); and annulled, irrevocably all 18 USC 3231 subject matter jurisdiction of the district court (Pauley, J.); and annulled all Art. III, §2 subject matter jurisdiction of the U.S. v. Ware, 07-5222-cr (2d Cir) -- see void 08/18/2009 judgment -- and the Supreme Court, 10-6449 in Ware v. United States.
   All orders and judgments entered therein entered in the "clear absence of all subject matter jurisdiction." see Stump v. Sparkman, 435 U.S. at 356-57;

(3). the Executive Branch's 11/07/2008 Art. II, §3 binding litigation position taken to abandon, abort, forfeit, terminate, and dismiss with prejudice and terminate, ipso facto, the subject matter jurisdiction of all federal courts and agencies, as well as all state courts and agencies (The State Bar of Georgia) over the U.S. v. Ware, 05-Cr-1115 (SDNY) proceedings and the related appeals, 07-5222 ("Ware-I" and "Ware-II"), Gov.-I (07-5670), and 10-6449 ("Ware-III") Supreme Court;

(4). the 02-Cv-2219 (SDNY), 12/20/2007, DKt. #90 annulment of all orders, judgments, and proceedings therein pursuant to Fed. R. Civ. P. 41(a)(2); and the 12/20/2007

(6)

(4). consequently, ipso facto, annulment of the U.S. v. Ware, 04-Cr-1224 (SDNY) factual and legal basis for Counts I, II, and III of the indictment; and thus the annulment of all orders, judgments and proceedings therein, conferring illegal and unlawful custody regarding 04-cr-1224 (SDNY);

(5). the 10/26/2007 05-cr-1115 (SDNY) district court (Pauley, J.) post-trial Fed. R. Crim. P. 29(a), see Dkt. #99, S.Tr. 73-76, acquittal of market efficiency, for insufficient evidence, for the stocks of INZS and SVSY; and therefore, ipso facto, an acquittal of all charges in U.S. v. Ware, 05-cr-1115 (SDNY) subject to the Double Jeopardy Clause and res judicata and collateral estoppel; absolutely binding on the Defendants in this proceeding;

(6). the 10/12/2007 05-cr-1115 (SDNY) district court (Pauley, J.) post-trial Fed. R. Crim. P. 29(a) ruling, S.Tr. 31 L. 18 -25, Dkt. #99, the Defendants' trial evidence was insufficient and therefore the District Court thought "We should have a Fatico hearing on, among other things, the efficiency of the market [for INZS and SVSY securities]" a Rule 29(a) post-trial acquittal of the Defendants' trial burden of proof; which triggered the Double Jeopardy Clause, res judicata, and collateral estoppel on 10/12/2007 against all Defendants named herein, as well as against all counts with respect to all issues and claims raised in this lawsuit;

(7). as of the Office of the Solicitor General, (the "OSG") 11/07/2008 irrevocable, and absolutely binding on all Defendants herein, and all federal courts, Art. II, §3 Executive Branch Art. II, §3 political decision to dismiss with prejudice the U.S. v. Ware, 07-5670-Cr (XAP), Gov.-I, cross-appeal of ##5 and 6, supra, all Defendants herein in privity with the United States and this and all federal and State courts and agencies (the Supreme Court of GA and the State Bar of GA), all have been bound, absolutely without exception by the Executive Branch's unreviewable and nonjusticiable Art. II, §3 political

(7)

political decision;

(8). that all issues, facts, and claims actually or necessarily resolved by the OSG's Art. II, §3 Executive Branch unreviewable and justiciable political decision to dismiss with prejudice the United States and its privies (the USA's privies named herein as Defendants) U.S. v. Ware, 07-5670-cr (KAP)(2d Cir.), Gov.-I, cross-appeal, are and have been already decided against all Defendants named herein;

(9). that as of the United States Court of Appeals (2d Cir.) 08/18/2009 entry of final judgment in U.S. v. Ware, 07-5670 (2d Cir.), Gov.-I, which ratified the OSG's 11/07/2008 dismissal of 07-5670 and therefore affirmed the 05-cr-1115 (SDNY) District Court (Pauley, J.) 10/12/2007 and 10/26/2007, Rule 29(a) post-trial acquittal verdicts, (1) DKt. #99, S. Tr. 31 L 18-25; (2) S. Tr. 35-36; and (3) S. Tr. 73-76, all Defendants have been in willful and deliberate civil and criminal contempt (18 USC 401(2), 401(3), and 1509), ~~of the~~ "resistance" to a full court Order/Judgment/Decree; and

(10). that as of 12/20/2007, DKt. #90, case no. 02-cv-2219 (SDNY), Rule 41(a)(2) final court Order/Judgment dismissal with prejudice of the 02-cv-2219 lawsuit and annulment of the 11/25/2002 moot judgment, all Defendants have been in willful and intentional civil and criminal contempt (18 USC §§ 401(2), 401(3), and 1509), "resistance" to a lawful and extant court order; § Sections I.(D) 1-10, (the "Facts of Judicial Notice").

## II.

A. Sworn Factual Basis for all Claims.

I Ulysses T. Ware, Esq. under oath, subject to the penalty of perjury, pursuant to 28 USC 1746, having personal knowledge of the facts have this 27th day of March 2018 in

(8)

Beaumont, TX while under extreme psychological duress, emotional, stress, strain, and mental rape and torture ~~caused~~ caused by the Defendants' ~~so~~ crimes committed in their personal and individual capacity while lacking all probable cause or in the absence of all subject matter jurisdiction, state the following material facts, to wit, (the "Facts"):

### Fact #1.

I Ulysses T. Ware, Esq. hereby restate and incorporate by reference herein, in hac verba, Section I(D), ## 1-10, supra as if fully set forth herein The Facts of Judicial Notice.

### Facts #2.

I Ulysses T. Ware hereby restate and incorporate by reference herein, in hac verba, DKt. ## 1-1, d-2, and supporting exhibits filed in <u>Ware v. Warden Drew</u>, Case number 12-Cr-4397-TWT (NDGA) as if fully set forth herein, the "Habeas Corpus (I) Uncontested Facts."

### Fact #3

I Ulysses T. Ware hereby restate and incorporate by reference herein, in hac verba, DKt. ## 1-8 filed in <u>Ware v. Warden M.K. Lewis, et al.</u>, Case number 18 CV 69 (EDTX), as if fully set forth herein, (the "Beaumont Habeas Corpus Facts").

### Fact #4

On August 18, 2009 in <u>U.S. v. Ware</u>, 07-5670-Cr(XAP), Gov. I, the U.S. Court of Appeals (2d Cir.) entered final judgment on the OSG's 11/07/2008 <u>unreviewable</u> and <u>non justiciable</u> Art. II, §3 Executive Branch prosecutorial political decision -- which on 11/07/2008 triggered Double Jeopardy, Collateral estoppel, and res judicata in favor of Plaintiff on all issues, facts, and claims in <u>U.S. v. Ware</u>, 05-Cr-1115 (SDNY) -- and acquitted ipso facto Plaintiff of all charges in 05-Cr-1115, ("1115"), and conferred prevailing party status on Ulysses T. Ware in all issues, facts, and claims in 1115, and bound all courts, the United States, its privies, and all Defendants

named herein by res judicata, collateral estoppel, double jeopardy, and Art. II, §3 absolute Executive Branch political decision estoppel; and ipso facto on 08/18/2009 terminated all courts' subject matter jurisdiction of the U.S. v. Ware, 05-cr-1115 (SDNY) proceedings.

### Fact #5

On December 20, 2007 at Dkt. #90 the 02-cr-2219 (SDNY) district court (Sand, J.) upon request by the '2219 plaintiffs, Defendants named herein, granted the request of the '2219 plaintiffs to dismiss with prejudice -- the statute of limitation had on 12/20/2007 run on all claims -- the '2219 lawsuit pursuant to Fed. R. Civ. P. 41(a)(2); and consequently, ipso facto, the District Court annulled, vitiated, voided, vacated, and set aside its 11/25/2002 judgment; and all Orders and proceedings therein, with prejudice; and conferred prevailing party status of Ulysses T. Ware, Group Management Corp., "GPMT", and the white litigants Elorian and Becky Landers. And on 12/20/2007 terminated all courts subject matters jurisdiction the annulled 11/25/2002 judgment and the moot '2219 orders and proceedings. See A.B. Dick Co. v. Marr, 197 F.2d 498, 501-02 (2d Cir. 1952).

### Fact #6

Since on or about April 2002 the Defendants, acting in their personal and individual capacities in Beaumont, TX, New York, NY and elsewhere, and since on or about June 6, 2016 in Beaumont, TX while acting as knowing and willful participants in the CCE all have directly, indirectly and or aided and abetted, assisted, encouraged, acted in concert, frustrated, impeded, delayed, obstructed orchestrated and/or facilitated the RICO Crimes (see § I(B), supra), violations of Texas state law, Georgia State law, New York, California Nevada, and District of Colombia State laws, to violate Ulysses T. Ware's Constitutional rights as part of an ongoing Nazi-Facist-Jim Crow racially-motivated hate crime racketeering conspiracy.

(10)

Fact #7

Given the extant final judgments referenced in Facts #'s 5 and 4, (the "Final Judgments") in favor of Ulysses T. Ware, plaintiff herein, (the "Prevailing Party"), resolution of all factual issues, claims, and proceedings in favor of the Prevailing Party, these proceedings are subject to Fed. R. Civ. P. 12(c) and 56(b), judgment on the pleadings and summary judgment, respectively, and all claims are required to be resolved in favor Ulysses T. Ware, Esq.

Fact #8

The Defendants, all conspired with each other and others, Knowingly, willfully, deliberately, and in bad faith, and in reckless regard for the truth of the Final Judgments' preclusive effects; the Judicial Notice Facts, and the Statement of Facts, and Claims, Dkt. #'s 1-1 and -2 filed in 12-cv-4397-TWT(NDGA), and have since Nov. 26, 2007, acting by and through the CCE, in their personal and individual capacity, in violation of the Constitution and state laws, conspired in violation of 42 USC §1985 and 18 USC §§ 1962 (a-d) fabricated, manufactured and fraudulently in violation of 18 USC §§ 2, 4, 201(b), 241, 242, 371, 1001 and 1509, 401(2), and 401(3), willfully lied, committed perjury, falsified government documents, BOP central file contents, presentencing reports ("PSRs"), final judgments of conviction, sentence, and custody; fabricated SIS investigations (i.e., James Dern); fabricated Admin. Office of the U.S. Court's Federal Tort Claim Act investigations and claim adjustments (i.e., James C. Duff); fabricated and falsified DOJ Federal Tort Claim Act settlement and adjustments; fabricated, falsified, manufactured, and orchestrated in Beaumont, Tx false and fraudulent incident reports (i.e., L. Griffin, V. Dimmock, Fredrick Frazier, Reginald Davis, Wanda Jones, Kim Jones, Rachel Chapa, M.K. Lewis, A. Reyes, A. Hodges, A. Cruz); and in Atlanta, GA (i.e., Darlene Drew, Steve Smith, Roberta Smith, Christopher Jackson, Diedra Gordan, D. Gibson, Michelle Charles,

(11)

LeRoy Miniss, Greg Duncan, Greg Lewis, Reginald Adams, D. Orr, Leslie Carpenter, Lisa Sunderman, et al.);

(a). In Beaumont, TX in 16cv256, 16cv389 and 16cv489 (EDTX) delayed, impeded, obstructed, frustrated Ulysses T. Ware to due process of law by Zack J. Hawthorn, Marcia A. Crone and David A. O'Toole;

(b). In Beaumont, TX regarding 18 CV 69 (EDTX) the 02/06/2018 BOP Form BP-199 ($5.00 filing fee payment, ref.#4709) was deliberately, willfully, and in bad faith cancelled on 03/06/2018 at 4:30 A.m (ref.# 2053-c) with the knowledge, consent, and approval of Fredrick Frazier, M.K. Lewis, Kim Jones, Wanda Jones, R. Davis, James Dern, B. Bachner, and others, to delay, obstruct and impede Beaumont, TX BOP's employees' criminal investigations by the F.B.I;

(c). In New York, NY Robert W. Sweet, Joon H. Kim, Sarah K. Eddy, Benjamin Torrance, Margaret Garnett, Alexander J. Wilson, Michael J. Garcia, Preet Bharara, Robert A. Katzmann, Peter W. Hall, Catherine O'Hagan-Wolfe, Katherine Polk-Failla, Maria E. Douvas, Nicholas S. Goldin, Rod Rosenstein, Eric H. Holder, Jr., Loretta Lynch, Jefferson B. Sessions and others all knowingly, willfully, deliberately, in bad faith and reckless disregard for the truth since August 8, 2007 all conspired and racketeered to violate, disregard, resist, and obstruct compliance with the 04-Cr-1224 (SDNY) Brady Discovery Order, (the "Brady Order"), by refusing to disclose to Ulysses T. Ware, per the Due Process Clause both exculpatory and impeachment materials in the possession of FINRA, the SEC, the DOJ's USAO (SDNY) and other federal agencies;

(d) In New York, NY William H. Pauley III, Alexander H. Southwell, Steven D. Feldman, Andrew L. Fish, Richard Zabel, Steven R. Peikin, Michael J. Garcia, David N. Kelley, Preet Bharara, Joon H. Kim, Geoffrey S. Berman, Rod Rosenstein, Eric H. Holder, Jr., Loretta Lynch, Maria E. Douvas, Jeffery B. Norris, Duke School of Law, Andrews&Kurth, LLP, Spencer C. Barasch, David Makol,

(12)

Marra Font, Myron Williams, Carlton Epps, Jeremy Jones, Elrico Sadler, Michael McAuliffe, and others Known and unknown since on or about 2004 continuing to the present (03/27/2018) conspired, colluded, aided and abetted, confederated and racketeered to violate Ulysses T. Ware, Esq. right to due process of law by complying with the 05-cr-1115 (SDNY) federal Court ~~Brady~~ May 17, 2006, DKT.19, Brady Discovery Order's written commands to disclose all Brady, JencksAct, and Giglio material "the Friday before Start of trial"; and disclose all emails of Alexander H. Southwell and the USAO (SDNY) and the SEC (and its employees) in ~~reg~~ regard to the 03-0831 (D.NV) and 05-cr-1115 (SDNY) proceedings;

(e). In Las Vegas, NV Since 07/14/2003 in 03-0831 (D.NV) District clerk Lance C. Wilson, the SEC, the USAO (SDNY), Kent J. Dawson, @ Jeffrey B. Norris, William H. Pauley, III, Alexander H. Southwell, Michael J. Garcia, Steven R. Peikin, Joan McKown, Spencer C. Barasch, Andrews & Kruth, LLP, Steven D. Feldman, Nicholas S. Golden, Marra E. Douras, William Smith-Gregg, Thomas J. Karr and others Known and unknown all agreed, colluded, confederated, acted in concert, conspired and racketeered to violate the Due Process Clause of the U.S. Constitution and Knowingly commit a fraud on the federal courts by concealing, covering up, suppressing and hiding the Indisputable fact the SEC's 07/14/2003 complaint filed in 03-0831 (D.NV) Was not actually signed and executed, by a SEC lawyer actually admitted to the District Court, pursuant to Fed. R. Civ. P. 11(a);

(f). In Atlanta, GA since January 2003 and continuing to the present in regard to a Chapter 11 bankruptcy proceeding, In re Group Management Corp., 03-93031-mhn (BC NDGA), Defendants Margaret H. Murphy, Joyce Bihary, Coleman Ray Mullins, Pat Sinback, M. Regina Thomas, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Audra P. Dial, Kenneth A. Zitter, Ari Rabinowitz, Kilpatrick, Townsend, & Stockton, LLP, Leonard B. Sand, Gerald B. Tjoflat, Stanley Marcus, Charles R. Wilson, Adelburto Jordan, James H. Morawetz, LH Financial,

(13)

Alpha Capital, AG, Joon H. Kim, Rod Rosenstein, Eric H. Holder, Jr., Loretta Lynch, Donald B. Verilla, Katherine Polk-Failla, Robert A. Katzmann, Peter W. Hall, The State Bar of GA, and others known and unknown all have agreed, colluded, orchestrated, acted in concert, and conspired, in their individual capacity, as a participant in the CCE; and all have aided, abetted, directly or indirectly impeded, delayed, obstructed, and frustrated 11 USC 1109(b) statutory party in interest Ulysses T. Ware, right to due process of law to have the United States Bankruptcy Court determine the merits of his fraud on the court and challenge to the bankruptcy court's Art. III subject matter jurisdiction, and the 02-cv-2219 (SDNY) plaintiffs' Art. III standing in 03-93031; and Margaret H. Murphy was bribed by persons named herein, the Defendants, to on May 28, 2003 while lacking all jurisdiction to entertain any request for judicial relief by the '2219 plaintiffs, Murphy while conspiring with the USAO (SDNY), the SEC, Leonard B. Sand, KTS, Merr, Mills, and others deliberately dismissed the 03-93031 Chapter 11 bankruptcy case with prejudice to violate Ulysses T. Ware's right to due process of law; and to enable the USAO (SDNY) to evade and circumvent the automatic stay of 11 USC 362(a) and procure the null and void, bogus 04-Cr-1224 (SDNY) indictment on 11/17/2004;

(g).    In Atlanta, GA on September 1, 2004 Defendants Thomas W. Thrash, Jr., Kenneth A. Zitter, Leonard B. Sand, Ari Rabinowitz, KTS, Dennis S. Merr, John W. Mills, III, Margaret H. Murphy, and others, including the U.S. Marshals (NDGA, SDNY) employees, John Doe #1, John Doe #2, while acting in their personal and individual capacity, arranged for the U.S. Marshals (NDGA) to enter the law firm of Ulysses T. Ware located at 101 Marietta St, Ste 1070, Atlanta, GA, without a lawful search warrant, arrest warrant, or court order, with guns drawn demanding that unless Mr. Ware, right then, agreed to fabricated and sign bogus and fraudulent Rule 144(k) legal opinions

(14)

enabling the 02-Cr-2219 (SDNY) lawsuit's unregistered broker-dealers and 15 USC 77 b(a)(11) ~~statu~~ statutory underwritten -- Statutory Underwriters are prohibited from using Rule 144(k) as an exemption to 15 USC 77 e(a) and 77x, See SEC Release 33-7190, and <u>Berckeley</u>, 455 F.3d at 220 -- "we're going to take your black ass before Judge Thrash right now ... and he's going to throw your ass in jail and you are never going to get out...." as the U.S. Marshals threaten Ulysses T. Ware on September 1, 2004; and they did illegally kidnap ~~to~~ Mr. Ware and take him before ~~District Judge~~ Thomas W. Thrash, Jr, who lacked all jurisdiction in Atlanta, GA on September 1 and 9, 2004 regarding the null and void 02-Cr-2219 (SDNY) lawsuit 11/25/2002 judgment and Orders, imposed an illegal bail of $250,000 as extortion for Mr. Ware refusing to criminally violate 15 USC §§ 77 e(a) and 77x by circumventing the federal securities laws with frivolous and fraudulent Rule 144(k) legal opinions;

(h).   In Atlanta, GA since 2012 Defendants Gerald B. Tyoflat, Charles R. Wilson, Stanley Marcus, Adelburto Jordan, Coleman Ray Mullins, Margaret H. Murphy, Joyce Bihary, Pat Sinback, M. Regina Thomas, James C. Duff, the Admin. Office of the U.S. Courts, KTS, Dennis S. Merr, John W. Mills, III, James H. Morawetz, The Office of the U.S. Trustee (NDGA), The U.S. Probation Office (SDNY), Thomas J. McCarthy, Duke School of Law, William H. Pauley, III, Michael J. Garcia, Preet Bharara, Joon H. Kim, Robert W. Sweek, Robert A. Katzmann, and other Defendants all agreed, knowingly, colluded, conspired and racketeered to commit a bankruptcy fraud conspiracy by using, illegally, in the "clear absence of all subject matter jurisdiction" in 02-Cv-2219 (SDNY), 04-Cv-1224 (SDNY), and 03-93031 (BCNDGA) the processes and procedures of a federal court to willfully violate the due process right of Ulysses T. Ware, a 11 USC § 1109(b) statutory party in interest, by impeding, delaying, and obstructing an imminent Rule 9024/60(d)(3) bankruptcy court judicial proceeding in violation of 18 USC §§ 2, 4, 201(b), 156-58, 371, 1341, 1343, 1503, 1505, 1512, 1951(a), 1956-57, and 1962 (a-d).

(15)

Fact #9

Since 2005 in New York, NY, Dallas, TX, Praleigh-Durham, N.C. and continuing to the present, Defendants William H. Pauley, III, Spencer C. Barasch, Andrew J. Peck, Gerald B. Tjoflat, Orinda D. Evans, Steven D. Feldman, Alexander H. Southwell, Michael J. Garcia, Preet Bharara, Joon H. Kim, Geoffrey S. Berman, Rod Rosenstein, Eric H. Holder, Jr., Loretta Lynch, John G. Roberts, Jr., Amalya L. Kearse, Robert D. Sack, Peter W. Hall, Jon O. Newman, Andrew L. Fish, Nicholas S. Goldin, Duke School of Law, Michael F. Bachner, Gary G. Becker, Marlon Kirton, Thomas J. McCarthy, Richard Zabel, Katherine Polk-Failla, and others both known and unknown, using the means and methods of the wires and mails of the United States, on behalf of the CCE, while acting in their personal and individual capacities, arranged for Andrews & Kruth, LLP of Dallas, TX via Defendant Spencer C. Barasch, to pay a bribe, kickback, pay off, favor, gift, contribution, illegal gratuity, or other thing of value to William H. Pauley, III in the 05-Cr-1115 (SDNY) case, for Pauley's agreement to impede, obstruct, delayed, and frustrate Ulysses T. Ware right to due process of law, right to an impartial, unbiased, and non conflicted judicial officer in 05-Cr-1115; and the bribe was paid to Pauley by Spencer C. Barasch, a prospective witness in 05-Cr-1115, using Duke School of Law as a conduit to launder the illegal bribe payment to and/or for the benefit of Pauley, Tjoflat, Peck, Evans, Barasch, the SEC and others, in violation of 18 USC §§ 2, 4, 201(b), 241, 242, 371, 1341, 1393, 1201, 1202, 1503, 1512, 1951(a), 1956-58, and 1962(a-d), RICO criminal offences, violations of New York, North Carolina, Texas, and other States' criminal statutes.

Fact #10

Since 2009 in Washington, D.C., New York, NY, Atlanta, GA and elsewhere Defendant John G. Roberts, Jr, acting in the "clear absence of all subject matter jurisdiction," acting, thus in his personal and individual capacity, being bound and constrained by the

(16)

Second Circuit's 08/18/2009 final judgment entered in U.S. v. Ware, 07-5670-Cr (XAP)(2d Cir.), Gov-I acquitting Ulysses T. Ware of the 05-Cr-1115(SDNY) district Court's 10/12/2007 (Dkt.#99, S.Tr. 31 L 18-25 (R-1) and S.Tr. 35-36 (R-2)) and 10/26/2007 (S.Tr. 73-76 (R-3)), jointly (the "Rule 29 Verdicts"), affirmed ipso facto by operation of law via Fed. R. App. P. 42(b), 18 USC § 3742(b), and Art.II, § 3; trigged double jeopardy, collateral estoppel, res judicata, and absolute Art.II §3 political decision estoppel in favor of Ulysses T. Ware; and as a matter of law conferred prevailing party status on Ulysses T. Ware apropos R-1, R-2, and R-3. And bound Roberts, the Supreme Court in 10-6449, Ware v. United States, and all subsequent federal courts -- including the Beaumont, Tx federal court in the proceedings -- the parties (Mr. Ware and the United States) and their privies (the Defendants named herein), see Federated, 452 U.S. at 398-401.

## Fact #11

Since June 2009 continuing to the present in Atlanta, GA, New York, NY, Las Vegas, NV, Washington, D.C., San Francisco, CA, the Defendants acting in their personal and individual capacities, in criminal violation of the RICO Crimes, and criminal statutes of each State named herein, all as knowingly agreed, confederated, acted in concert, colluded, conspired, and racketeered to violate Ulysses T. Ware's right to access to the courts in 12-cv-4397 (NDGA); 16cv 256, 16cv 389, 16cv 489, and 18cv 69(EDTX)); 05-Cr-1115 (SDNY); 04-Cr-1224 (SDNY); 09-0851, 11-4181, 11-2151, 14-1355, 17-3527 (2d Cir); and Supreme Court, 10-6449, 16-5858, 16-5173, and 16-5174, jointly (the "Obstructed Cases") by rigging and fixing the rules and procedures of the courts in such a way Mr. Ware at every turn had his pleadings rejected, delayed, impeded, and denied in violation of the First and Fifth Amendments to the U.S. Constitution; and in criminal violation of state laws of New York, California, Nevada, Texas, and Georgia.

(17)

Fact #12

Since 2007 in Washington, D.C, New York, Atlanta, GA, and Beaumont, TX Defendants Rod Rosenstein, Joon H. Kim, Robert W. Sweet, Jefferson B. Sessions, Preet Bharara, Margaret M. Garnett, Benjamin H. Torrence, Sarah K. Eddy, Sarah E. Paul, Katherine Polk-Failla, Maria E. Douvas, Nicholas S. Goldin, continuing to the present (03/27/2018) and beyond in violation of 18 USC §§ 401(3), 1509, 2, 241, 242, 371, 1503, and 1962(a-d), Rosenstein, the Deputy U.S. Attorney General, and bound absolutely by the August 8, 2007 U.S. v. Ware, 04-cv-1224 (SDNY) Brady Discovery Order's Command, at all stages of the judicial proceedings, all conspired with each Defendant and others known and unknown, 18 USC § 371, and each aided and abetted, Id. §2, the continued "resistance" of a lawful extant court Order, 18 USC § 401(3) §1509, as the means and illegal method to continue the criminal perpetration of the CCE's Nazi-Facist-Jim Crow racially-motivated Kidnapping/extortion hate crime conspiracy.

Fact #13

Since 2009 in Washington, D.C., Atlanta, GA, Beaumont, TX and elsewhere employees of the Administrative Office of the U.S. Courts ("AOC"), John Doe, #3, John Doe #4, John Doe #5, and James C. Duff, all agreed, knowingly, colluded, aided and aided, acted in concert, conspired, and racketeered, while acting in their personal and individual capacities, and agreed to rig and fix the settlement and adjustment of Federal Tort Claim Act claims submitted by Ulysses T. Ware, while knowing and in reckless disregard for the truth and indisputable fact the United States and its privies are the real parties in interest in any FTCA proceeding, 28 USC 1346(b); and therefore the AOC being in privy with the United States and thus, bound by the Final Judgments, has been since 2009 in willful criminal and civil contempt of lawful, extant court Orders and judgments in will "resistance", 18 USC §§ 401(2), and 401(3), and 1509; and is currently in civil and criminal contempt of the Final Judgments apropos pending FTCA claims of the Prevailing Party, Ulysses T. Ware.

(18)

Fact #14

Since 2010 in Atlanta, GA, Washington, D.C., and elsewhere Defendants Sallie Q. Yates, John A. Horn, Margaret H. Murphy, Joyce Bihary, Coleman R. Mullins, Pat Sinback, M. Regina Thomas, James H. Morawetz, Gerald B. Tjoflat, Stanley Marcus, Charles R. Wilson, Julie E. Carnes, Edward Carnes, William Pryor, Thomas W. Thrash, Jr., Linda T. Walker, E. Clayton Scofield, Orinda D. Walker, Duke School of law, William H. Pauley, III, Robert W. Sweet, David N. Kelley, Michael J. Garcia, Preet Bharara, Joon H. Kim, Eric H. Holder, Jr., Loretta Lynch, Dennis S. Meir, J. Henry Walker, IV, Audra P. Oial, John W. Mills, III, KTS, and others both known and unknown, acting in their personal and individual capacities, knowingly as willing participant in the continuing criminal enterprise's purpose and objectives, all colluded, agreed, confederated, conspired, and racketeered to perpetrate a criminal fraud on the U.S. Bankruptcy Court (NDGA), In re Group Management Corp., 03-93031 (NDGA); In re Ware, 15-12568-F (11th cir.), 16-13978-G (11th Cir.); and Ware v. Alpha Capital, AG, et al, 16-5173 (Supreme Court), 16-5858 (Ware v. U.S. Bankruptcy Court), and 16-5174 (Ware v. SEC), jointly (the "Bankruptcy Criminals").

Defendants Yates and Horn, colluded and conspired with the CCE and the Bankruptcy Criminals in Atlanta, GA, Washington, D.C., to hide, cover up, and conceal the conspiracy to commit bankruptcy fraud in 03-93031 committed by Murphy, Bihary, Mullins, Sinback, Thomas, KTS, Meir, Alpha Capital, AG, Rabinowitz, LH Financial and others by refusing to open an investigation into KTS and its clients and partners' role in the May 28, 2003 bogus Order of dismissal in 03-93031; and the role played by Alpha Capital, AG, Rabinowitz, Thrash, Sand, Kelley, Southwell, Peiken, Garcia, Bharara, Sweet, Katzmann, Hall, Jones, Roberts, and other Defendants in extorting GPMT and the particulars of Mr. Ware's September 1, 2004 kidnapping in Atlanta, GA by Thrash and the U.S. Marshals without a lawful search warrant, arrest warrant, or court order. See Dkt. #88 in 02-cv-2219 (SDNY).

(19)

Fact #15

Since 2003 and continuing to the present and beyond in New York, NY, Washington, D.C., Las Vegas, NV, San Francisco, CA, and elsewhere, acting in their personal and individual capacities while lacking all probable cause and subject matter jurisdiction Defendants Southwell, Feldman, Keller, Garcia, Bharara, Kim, Holder, Lynch, Rosenstein, Douvas, Goldin, Polk-Failla, Garnett, Torrance, Wilson, Alex, Eddy, Paul, Fish, Peikin, Zabel, Verelli, Makol, Font, Norris, Pauley, Sweet, Sand, Thrash, Dawson, Goodwin, Rawlingson, Kozinski, Roberts, K. Jones, W. Jones, J. White, M.K. Lewis, D. Drew, F. Frazier, J. Dern, B. Bochner, R. Chapa, J.A. Keller, L. Sunderman and other Defendants all in privy with the United States having actual and/or constructive knowledge or awareness of (1) the USA's 07/14/2003 03-0831 (D.NU) Complaints para. #33; (2) the OSG's 11/07/2008 abandonment of 07-5670 (2d Cir.); (3) the 08/18/2009 07-5670 (2d Cir.) final judgment in favor of Ulysses T. Ware; (4) the 12/20/2007 Rule 41(a)(2) final judgment in 02-cv-2219 (SDNY) in favor of Mr. Ware; (5) the 05-cr-1115 (SDNY)(Pauley, J.) Oct. 2009 Rule 29 post-trial acquittal verdicts; and (6) the Judicial Notice Facts -- all absolutely binding on all Defendants committed the following criminal acts, directly or indirectly, aided or abetted or performed an act or omission to act on behalf of the CCE in violation of the Constitution, RICO Crimes, or State Laws:

(i). On or about 11/17/2004 the Defendants knowingly while lacking all probable cause conspired to and did commit a fraud on a federal grand jury with respect to "essential facts" and did fraudulently deceive the grand jury regarding the 02-cv-2219 (SDNY) plaintiffs true status as unregistered broker-dealers lacking Art. III standing to appear in federal court to enforce illegal underwriting contracts (GX-5 in 04-cr-1224 (SDNY)), see FINRA's public database, BrokerCheck, confirming the Defendants' grand jury conspiracy; and all Defendants and the CCE did fraudulently deceive the federal grand jury in violation of 18 USC §§ 2, 4, 201(b), 241, 242, 371, 1503, 1512, 1621-23, to return a null and void ab initio indictment, which failed to charge a 18 USC § 401(3) offense: it is not an "offense" to not issue bogus and fraudulent Rule 144(K) legal opinions to (1)

(20)

15 usc 77b(a)(11) Statutory underwriters or (2) 15 usc §78o(a)(1) unregistered broker-dealers, see SEC Release 33-7190; Berckeley, 455 F.3d at 220. The Defendants all admitted at trial in U.S. v. Ware, 04-cr-1224 (SDNY), gov't trial exhibit GX-5 at ¶ 10.1(iv) and at ¶¶ 12-13 of the 02-cv-2219 (SDNY) complaint, and in the '2219 court's 11/25/2002 opinion reported at Alpha Capital, AG, etal. v. GPMT, 2002 U.S. Dist LX 22803 (SDNY 2002) -- which is absolutely binding ಱ in this proceeding and on all federal courts -- the '2219 plaintiffs were Section 2(a)(11) statutory underwriters:

"Defendant [GPMT] was required to file for registration [on Form SB-2 for a public offering] 200% of [its] stock potentially subject to conversion. Defendant was required to file for registration by May 3, 2001, and registration was required to be effective by June 17, 2001." Subscription Agreement [GX-5] at ¶ 10.1(iv), (the "Statutory Underwriter Ruling."). (Sand, J.)

(2)  Defendant John G. Roberts, Jr. and his unindicted co-conspirators, on the Supreme Court of the United States, while lacking all subject matter jurisdiction, and thus, acting in their personal and individual capacity, over 16-5173, 16-5174, and 16-5858 all colluded, conspired, aided, abetted, confederated, acted in concert, and deliberately in bad faith and in reckless disregard for the truth conspired and did perpetrate a criminal fraud on a United States federal court in furtherance of the CCE's goals and objectives: the continuation of the Nazi-Facist-Jim Crow racially-motivated kidnapping conspiracy and financial extortion of Ulysses T. Ware and GPMT by denying Mr. Ware's petitions filed in 10-6449, 16-5858, 16-5173, and 16-5173.

John G. Roberts, Jr. "in the clear absence of all subject matter jurisdiction" and his unindicted co-conspirators, Ruth B. Ginsberg, Anthony Kennedy, Clarence Thomas, Stephen Breyer, Samuel Alito, Elena Kagan, Sonya Sotomayor, and other Defendants highjacked and corrupted the rules and procedures of the

(21)

Supreme Court of the United States in service to the CCE and the Defendants' personal pecuniary and penal interests, to such an extent and to such a nefarious degree, under the unlawful influence of the CCE, the Defendants, and other unindicted co-conspirators, et while being bound absolutely by the Final Judgments' preclusive effects of double jeopardy, res judicata, collateral estoppel, and the OSG's Executive Branch's absolute Art. II, §3 political decision estoppel. Federated, 452 U.S. at 398-401; Confiscation Cases, 7 Wall at 456-59; United States v. Nixon, 418 U.S. 683, 693 (1974)(federal courts lack all subject matter jurisdiction over political decisions of the Executive Branch pursuant to Separation of power doctrine).

(3). On or about September 2005 ~~Oefendants Sotholden~~ after the United States filed its judicial admission at ¶33 of the 03-0831 (D.NV) complaint conceding as its Art. II, §3 litigation position -- absolutely binding on the United States, the courts, and its privies (the Defendants named herein, i.e., the DOJ, SEC, FBI, AOC, USPO, BOP, U.S. Marshals, etc.)-- INZS and SVSY's press releases were immaterial ("the press releases had no effect on the stock price.")(emphasis added), AUSAs Southwell, Goldin, Peskin, Garcia, Zabel, Kelley; FBI special agent David Makol, and magistrate judge Andrew J. Peck (SDNY), all in privy with the United States and therefore bound absolutely by the USA's 07/14/2005 judicial admission litigation position, subject to judicial and equitable estoppel against the United States and the DOJ and its lawyers, agents, and officials made at ¶33 of the 03-0831 (D.NV) Unsigned, void complaint, had FBI S.A. Makol fabricate and manufacture a false and perjurious affidavit of probable cause for Mr. Ware's illegal arrest contradicting ¶33 then claiming INZS and SVSY's immaterial press releases were material. A known lie.

(a). Andrew J. Peck colluding and conspiring with the CCE, the DOJ and agents of the FBI fabricated an illegal and void ab initio arrest warrant for Mr. Ware and

(22)

Jeremey Jones based on FBI S.A. Makol and DOJ USAO(SDNY) perjury and known to be lies and false statements made in criminal violation of 18 USC §§ 2, 4, 201(b), 241, 242, 371, 1001, 1341, 1343, 1503, 1512, 1201, 1202, 1621-23, 1951(a), 1956-57, and 1962(a-d). See Dkt. ## 1-1 and 1-2 in 12-cv-4397-TWT (NDGA) for AUSA Southwell's criminal conspiracy crimes in collusion with Gibson, Dunn & Crutcher, LLP, William H. Pauley, III, @ Jeffrey B. Norris, Spencer C. Barasch, Andrew J. Peck, Michael J. Garcia, David N. Kelley, Cahill, Gordan, & Reindell, LLP; Duke School of Law, Andrews & Kruth, LLP; Leonard B. Sand, Thomas W. Thrash, Jr., Margaret H. Murphy, The State Bar of Georgia, Linda T. Walker, The U.S. Marshals, the SEC, Kent J. Dawson, Steven Webster, Stephen Korotash, and other Defendants.

## Fact #16

Since 2002 the Defendants jointly and severally, in their personal and individual capacities, lacking all probable cause and in the clear absence of all subject matter jurisdiction all have colluded, conspired, and directly and/or indirectly aided and abetted each other and others known and unknown to hide, conceal, cover up, destroy, fabricate, manufacture, orchestrate, invent, suppress and corrupt the rules, regulations, processes and procedures of federal and state agencies, courts, employees, officials, proxies, surrogates, alter-egos, family, friends, associates, colleagues, and other personally, penally, or pecuniary benefiting from the crimes of the CCE and the Defendants; hide, conceal and suppress evidence of their crimes, and all have conspired with the United States Bureau of Prisons and the U.S. Marshals to act as their own private police force and collection agency to extort, intimidate, threaten, bully, steal, lie, falsify government documents, fabricate central file contents (Kim Jones, Wanda Jones, James Dern, Reginald Davis, Darlene Drew, Johnnie Butt, Roberta Smith, Michelle Charles, Lisa Sunderman, J.A. Keller, Ian Connors, Rachel Chapa, Tina Hauck, Diedra Gordan, Christopher Jackson, D. Orr, Leslie Carpenter, LeRoy Miniss, et al.); steal property (Robert U. Black, Fredrick Frazier, M.K. Lewis, Darlene Drew, et al.); fabricate FTCA investigations and claim adjustments (Lisa Sunderman, James Dern, et al.); fabricated administrative detention Orders (Roberta

(23)

Smith, B. Bachner, FNU Fiorolla, Steve Smith, et al.); falsify and fabricate BOP incident reports and DHO/UDC reports ( D. Orr, V. Dimmock, Wanda Jones, Reginald Davis, Roberta Smith, Michelle Charles, D. Gibson, Diedra Gordon, Christopher Jackson, Johnnie Butt, Greg Lewis, LeRoy Miniss, et al.); committed acts of retaliation for the exercise of constitutional rights ( Darlene Drew, Roberta Smith, Christopher Jackson, Johnnie Butt, Reginald Adams, Reginald Davis, V. Dimmock, L. Griffin, LeRoy Miniss, et al.); theft of legal files, books, and pleadings ( R. Davis, LeRoy Miniss, Fredrick Frazier, Christopher Jackson, Steve Smith, Johnnie Butt, L. Griffin, et al.)

Signed this 27th day of March 2018, under oath and subject to the penalty of perjury, pursuant to 28 USC 1746 having personal knowledge of the facts.

_Ulysses T. Ware, Esq._

Ulysses T. Ware, Esq. II.

### Plaintiff's Claims

## A. First Amendment Claims.

### Claim #1
### 42 USC Section 1983
### Denial of Access to the Court

Plaintiff Ulysses T. Ware, ("Wave"), hereby repleads herein and incorporates by reference as it set forth fully

(24)

herein, in heac verba (1) Facts of Judicial Notice ##1-10; and (2) Facts ## 1-16, jointly (the "Undisputed Facts"), pleads and claims the following, to wit:

(a). Since on or about June 6, 2016 in Beaumont, TX the continuing criminal enterprise, "CCE", in violation of the First Amendment of the United States Constitution right to access to the courts to file grievances and the Bureau of Prisons, ("BOP") employee Defendants in Beaumont, TX, Atlanta, GA, Grand Prairie, TX, and elsewhere, acting in their personal and individual capacities as federal employees of the United States, while bound absolutely by the Final Judgments' preclusive effects did cause Plaintiff an actual injury in regard to exercising and maintaining his right to file grievances and full and unimpeded access to the courts by the following illegal acts and actions, to wit:

1. Case no. 18 CV 69 (EDTX), Wave v. Warden M.K. Lewis, et al., the BOP Defendants colluded, conspired, aided and abetted each other and the CCE by on 03/06/2018 cancelling the 02/06/2018 Form BP-199 (ref.# 4709) via transaction # 2053-C at 4:30 A.M, the $5.00 filing fee payment to activate Plaintiff's 28 USC § 2241 (c)(1), (3) habeas corpus petition filed in the U.S. District Court (EDTX), Beaumont, TX.

   The Defendants' illegal acts, actions, and omission caused Plaintiff harm, delay, damages, and injuries by deliberately, willfully, in bad faith, and in violation of Texas state law and the First and Fifth Amendments to the Constitution of the United States by delaying, impeding, and obstructing a pending judicial proceeding with the purpose to delaying Plaintiff's immediate release from all illegal custody of the Defendant and the CCE's agents of the BOP.

2. Case Nos. 16 CV 256, 16 CV 389 and 16 CV 489 (EDTX).

A. The Defendants' on behalf of the CCE in Beaumont, TX since 2016 acting in their personal capacity as federal

(25)

employees of the United States sought to and did deliberately delay, impede, obstruct, frustrate, inhibit and general create an atmosphere hostile to Plaintiff to such and extent and to such a degree by the constant theft of Plaintiff's legal files, books, research, records, typing equipment, transcripts, evidence, discovery, trial exhibits, research books, access to the law library, access to proper typing supplies and equipment, access, the denial thereof in Beaumont, TX and Atlanta, GA; th

(i)  the fabrication of false, frivolous, and fabricated incident reports to intimidate, threaten, bully, and emotionally distress Plaintiff by BOP employees:

(a). V. Dimmock; Reginald Adams; Reginald Davis; L. Griffin; Christopher Jackson; LeRoy Miniss; Johnnie Butt; Diedra Gordan; Wanda Jones; Fredrick Frazier; M.K. Lewis; Darlene Drew; Steve Smith; and Roberta Smith;

(ii)  the illegal incarceration of Plaintiff in the BOP's Special Housing Unit ("SHU") for months, on at least four occasions for up to 90 days, where Plaintiff was denied all access to the items listed in § 2(A) above in regard to prosecuting the following cases, which were negatively affected, delayed, impeded, and obstructed an actual injury, to wit:

(a).  U.S. v. Ware, 04-Cr-1224(SDNY); U.S. v. Ware, 05-cv-1115(SDNY); Ware v. Warden Drew, et al., @ 12-cv-4397-TWT (NDGA); 13-cv-0848-TWT(NDGA); In re Group Management Corp., 03-93031 (BC NDGA); In re Ware, 15-12568-F (11th Cir.); In re Ware, 16-13978-G (11th Cir.); 18cv69 (EDTX); 03-0831 (D.NV); Supreme Court Cases, 10-6449, 16-5858, 16-5173, 16-5173, and others whose case numbers are unavailable given Plaintiff's current illegal custody in the SHU since 02/07/2018 for no specified reason.

(b).  Had the BOP Defendants' timely and properly processed Plaintiff's 02/06/2018 Form BP-199 ($5.00 filing fee payment

for Case no. 18 CV 69 (EDTX) a show cause order was required to have been entered pursuant to 28 USC 2243 within three days of Feb 9, 2018 requiring Defendants pursuant to 28 usc 2249 to produce bogus, fabricated, fraudulent and counterfeit, and null and void BOP records in U.S. v. Ware, 04-cr-1224 (SDNY) and 05-cr-1115 (SDNY). Records which the U.S. Attorney (EDTX) is not permitted to appear in federal court on behalf of the Defendants and make any argument in contempt of or contradiction to the Final Judgments.

Therefore, Plaintiff has suffered an actual legal and factual injury apropos case no. 18 cv 69 (EDTX) and a habeas corpus matter (undocketed) submitted to the direct attention of Unindicted Co-conspirator John G. Roberts, Jr, pending since January 2018.

Had the Defendants not conspired to deny Plaintiff access to the 18 cv 69 (EDTX) federal court since 02/06/2018, Plaintiff would have not later than Feb. 14, 2018 been granted immediate release from all illegal custody of the Defendants and the conspiracy of the CCE's participants.

B. Damages: Plaintiff requests that the court award his actual and consequential damages in the sum certain amount of $2.25 million dollars per day, each and every day since Nov. 26, 2004, accuring daily for his false and illegal slavery, kidnapping Nazi-Facist-Jim Crow racially-motivated hate crime conspiracy committed by each Defendant, jointly and severally, in their personal and individual capacity;

(ii). Plaintiff request a damage award for intentional and negligent infliction of emotional distress in the sum certain amount of $2.25 billion dollars;

(iii) Plaintiff request a damage award for general and specific damages in the sum certain amount of $2.25 billion dollars;

(iv). Plaintiff request a damage award for punitive and bad faith damages in the sum certain amount of $6.75 billion dollars;

(v). Plaintiff request an award for reasonable attorneys fees,

(27)

Costs, expenses, fees, Consultant fees, and misc. expenses to be determined at trial.

C. ~~Final~~ Jury Trial Demand:

Pursuant to the Seventh Amendment Plaintiff hereby request a trial by jury on each issue of fact regarding claim #1.


Claim #2
42 USC Section 1983
Violation of Due Process of Law
I.

A.   Plaintiff repleads in its entirety herein, in heac verba Claim #1 and incorporates by reference all Facts and Judicial Notice Facts herein and pleads and claims:

(1)   The Defendants, federal employees of the United States, or agents, proxies, surrogates, alter-ego, or co-conspirators of the federal employees, employed by the U.S. Dept. of Justice ("DOJ"), the Executive Branch or employed by the Administrative Office of the U.S. Courts, ("AOC"), private individuals acting on behalf of the United States, or as agents of the United States, and/or under the control of the United States, all Defendants acting with singular and unity of purpose, in their individual and personal capacity, lacking all probable cause, and/or in the clear absence of all subject matter jurisdiction did directly, indirectly, and/or aided and abetted the violation of Plaintiff's right to due process of law by committing or omitting to perform the following acts, actions, or civil or criminal offenses in violation of State Laws, Federal laws, or the United States Constitution, to wit:

(a)   Plaintiff claims based generally on the Facts, and in particular on Fact # 8(a-h) Defendant federal prosecutors, federal judges and those under their express, implicit, or implied actual and/or constructive control, supervision, management, commands, employment, agency, proxy, surrogate, and alter-ego, all did illegally collude, conspire, confederate, act in concert, aid, abet, orchestrate, facilitate, arrange,

(28)

assist, and generally help the Defendants as a willful and knowing illegal participant in the operation, management, investment, and conspiracy of the CCE, in violations of 18 USC §§ 1962(a-d) in Beaumont, TX, New York, NY, Atlanta, GA, Las Vegas, NV, Washington, D.C., San Francisco, CA, and elsewhere, by using the means and instrumentalities of the mail, wires, courts and agencies of the United States and States, in their personal and individual capacity, continuously since 2002, without break or termination, both overtly and covertly, continuing to the present, March 27, 2018 and beyond, using extensive and criminally management techniques of vertical integration, money laundering, bribery, perjury, conspiracy, mail and wire fraud, securities fraud, kidnapping, extortion, witness tampering, obstruction of justice, grand jury fraud, conspiracy, and perjury, racketeering, Hobbs Act extortion conspiracy, civil and criminal contempt, hate crimes, strong-arm robbery and extortion, bribery of federal judges and prosecutors, the payment of kick backs, gifts, favors, contributions, illegal gratuities, or other things of value; gifting of sexual favors, theft and stealing of federal property; falsifying of government records, files, and documents; aiding and abetting; falsification of docket sheets; conspiracy to commit money laundering, securities fraud, mail and wire fraud, fraud on the federal and state courts and agencies; theft of personal property, kidnapping across state line in interstate commerce; racially-motivated slavery; racially-motivated extortion, conspiracy, false imprisonment, intentional and negligent infliction of emotion, mental, and psychological distress, rape, and torture; and a systematic process since 2002 continuing uninterruptly to the present (March 27, 2018) of racketeering influence criminal enterprise corruption of the processes of state, federal, and local governments' processes, procedures, personnel, and facilities on behalf of the CCE and the Defendants;

(b). Plaintiff's claims his right to due process of law was knowingly and negligently; and/or deliberately, intentionally, in bad faith and/or in reckless disregard for the truth violated by the CCE and each Defendant since 2002 in New York, NY, Beaumont, TX, Las Vegas,

(29)

NV, Atlanta, GA, Washington, D.C., San Francisco, CA, and elsewhere, without termination or interruption, and continuously in furtherance of the illegal goals and objectives of the CCE's implicit racial theory, policies, rules, regulations and procedures all conflicting and contradictory to the Fifth Amendment of the Constitution of the United States and the various States where the CCE and Defendants' conducted the operations and committed crimes on behalf of the CCE and their own personal penal and pecuniary interests,

(i)    in 2002 by the SEC and Defendants' instigation of a bogus SEC civil investigation of 03-0831 (D.NV) defendant INZS and others;

(ii).   in 2003 by the United States, the CCE, and the Defendants conspiring and actually filed the bogus, frivolous, vexatious, filed for an improper purpose, fraudulent, and unsigned 03-0831 (D.NV) complaint, which pled the United States and the Defendants out of all the federal courts by at ¶ 33 conceding and judicially admitting as the binding Art. II.§3 political decision litigation position of the United States and its privies (Defendants herein), INZS and SVSY's press releases were immaterial as a matter of law and facts; and therefore on 07/14/2003 in Las Vegas, NV the United States, ipso facto, by operation of law concede probable cause in U.S. v. Ware, 05-Cr-1115(SDNY) was a legal impossibility; and a 18 USC § 3231 "offense" and 28 USC § 547 (1),(2) standing were legal impossibilities;

(iii)   Ergo, on 07/14/2003 the United States and its privies, (the FBI, BOP, DOJ, AOC, SEC, USPO, et al. employees) confirmed, conceded, and acquitted Ulysses T. Ware, Esq. of materiality of INZS and SVSY press releases; and consequently acquitted Plaintiff of all charges in U.S. v. Ware, 05-Cr-1115 (SDNY); and conceded in 2003 all custody related to 05-cr-1115 was in violation of the

(30)

Constitution and laws of the United States (cf. <u>Ware v. Warden M.K. Lewis, et al.</u>, Case no. 18 CV 69 (EDTX), 28 USC 2241 (c)(1),(3) habeas corpus petition challenging the illegal custody related to <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) and <u>U.S. v. Ware</u>, 05-Cr-1115 (SDNY); also cf. claim #1 herein);

(iv). in 2004 the United States, the CCE and the Defendants' conspiracy in violation of due process of law, violated the Constitution and federal and state laws by the DOJ's lawyers, agents, employees, and officials colluding and aiding and abetting each other to perpetrate a criminal fraud on the federal 04-Cr-1224 (SDNY) court and a federal grand jury by the commission of known perjury, fraud, conspiracy, lying, obstruction of justice by deceiving the federal grand jury and the federal court apropos the 15 USC §§ 77b(a)(11) and 78O(a)(1), statutory underwriter and registered broker-dealer, respectively, status on 02/02/2001 of the 02-cv-2219 (SDNY) plaintiff;

(v). and consequently, ergo., on 11/17/2004 the Defendants by and through their DOJ lawyer, USAO (SDNY), unindicted co-conspirators/Defendants by referencing GX-5 at ¶ 10.1(iv) in the 04-Cr-1224 (SDNY) indictments Counts I, II, and III -- judicially conceding each plaintiff was in fact a Section 2(a)(11) statutory underwriter of defendant GPMT's restricted/unregistered securities; and therefore, ipso facto, it necessary follows by implication the Defendants all on 11/17/2004 pled themselves out of the federal courts as a matter of law by judicially admitting the '2219 plaintiffs were ineligible for any Rule 144(k) exemption to 15 USC §§ 77e(a) and 77x;

(vi). therefore the Defendants on 11/17/2004 ipso facto by operation of law acquitted Plaintiff of Counts I, II, and III in the <u>U.S. v. Ware</u>, 04-Cr-1224 (SDNY) indictment; and furthermore conceded all custody related to 04-Cr-1224 was in violation of the Constitution and the laws of

(31)

of the United States"; and the United States and the Defendant on 11/17/2004 conceded, by judicial admission binding on the 18 cv 69 (EDTX) federal court (defendants herein Hawthorn and Crone), ~~attested~~ Plaintiff, Ulysses T. Ware, was legally and factually innocent of all charges and therefore taken #7 (iv-vi) Plaintiff is entitled to immediate habeas corpus relief.

C. Fed. R. Civ. P. 12(c)/56(b).

Plaintiff is entitled to judgment on the pleading apropos Claims ##1 and 2 given the Defendants' and United States
(1) 07/14/2003 and 11/17/2004 absolutely binding Art. II, §3 political decision unreviewable and nonjusticiable litigation position concessions; all bound by judicial, equitable, and Art. II, §3 Executive Branch political decision estoppel.

D. Damage Demand:
1. Plaintiff hereby requests the Court pursuant to Rule 12(c)/56(b) to enter final judgment to claims 1 and 2 in favor of Ulysses T. Ware; and award actual damages for Nazi-Fascist Jim Crow racially-motivated slavery since Nov. 26, 2007 by the BOP in the sum certain amount of $30.0 billion dollars;

2. award emotional distress damages in the amount of $2.25 billion dollars;

3. award specific damages in the amount of $2.25 billion dollars;

4. award generally and consequential damages in the sum certain amount of $6.75 billion dollars;

5. award a reason award for attorney's fees, costs, expenses, and misc. damages in an amount to be proved at trial; and

6. enter an award for punitive damages in the sum certain amount of $30.0 billion dollars assess jointly and severally to all Defendants in their personal capacity.

(32)

7. enter final judgment, after expert damage testimony, against each Defendant, jointly and severally, on each item of damages in §D(1-6).

E.  Jury Trial Demand.

Plaintiff pursuant to the Seventh Amendment hereby demands a trial by jury on each issue of fact not bound by res judicata, collateral estoppel, equitable or judicial, or Executive Branch Art. II. §3 political decision estoppel.

Claim #3
42 USC Section 1985
Conspiracy Claim #1

A.  Plaintiff repleads in their entirety, in haec verba all parts of Claims 1 and 2; and pleads and claims the following 42 USC 1985 conspiracy claim and ~~so~~ pleads the following allegations to wit:

1.  Since beginning in 2002 and continuing uninterrupted and continuously to the present, March 27, 2018, in their personal and individual capacity, in Beaumont, TX, Atlanta, GA, Washington, D.C, New York, NY, Las Vegas, NV, San Francisco, CA, and elsewhere the Defendants, employees of the federal government, and those under their control, manipulation, and direction not employed directly, but acting and functioning as agents of the United States and the Defendant, all in violation of 42 USC §1983 and 1985 conspired to violate Plaintiff's civil rights by:

(a).  committing and acts, actions, and/or ~~doings~~ omissions alleged in Facts 1-16 plead herein; and in their continuing personal and individual capacity acted with an evil purpose and motive, acted with extreme indifference and malicious

(33)

depravity, and insidiously motivated by extreme right-wing racial hate, venality, frustration, retribution, and vindictiveness, all Defendants conspired, colluded, acted in concert, confederated, orchestrated, and criminally facilitated a Nazi inspired, Facist-Apartheid hate crime conspiracy in violation the United States Constitution and the Constitution and laws of the states of Texas, New York, Georgia, California, New York, Nevada, and the District of Colombia.

B. Jury Trial Demand.
   Pursuant to the Seventh Amendment Plaintiff hereby demands a trial trial on all issues of facts regarding this claim.

C. Damage Demand:
   Plaintiff request that pursuant to Rule 12(c) of the Fed. R. Civ. P. that the court enter final judgment in favor of Plaintiff Ulysses T. Ware for liability on all Defendants in the personal and individual capacity, jointly and severally, for

(1) actual damages in the sum certain amount of $30.0 billion dollars;

(2). consequently damages with respect to Group Management Corp. Stock in the amount of $22.25 billion dollars;

(3) award emotional distress, racial hate, and racial vindictiveness damages in the amount of $ 12.5 billion dollars;

(4). award specific damages with respect to the Sept. 1, 2004 kidnapping of Plaintiff by Thomas W. Thrash, Jr, and the U.S Marshals in the amount of $1.75 billion dollars; $1.75 billion dollars with respect to Plaintiff illegal kidnapping in January 2005 in Atlanta, GA based on the void 04-cv-1224 (SDNY) indictment; $1.75 billion dollars with respect to Plaintiff's illegal arrest and detainment in Sept. 2005 regarding the void 05-cr-1115 (SDNY) indictment;

(5). a reason attorneys, costs, expenses, and misc. in an amount

(34)

to be determined at trial, or stipulated to by the parties; and

(6). an award of punitive damages assessed against each Defendant, jointly and severally, in the sum certain amount of $30.0 billion dollars.

Claim # 4
42 USC 1985
Conspiracy Claim 2(a) and 2(b);
and 18 USC 1962(d) Claim # 3A

A. Plaintiff repleads claims # 1-3, supra herein in their entirety, in heac verba, attachs hereto and makes a part hereof all Judicial Notes Fact exhibits and pursuant to 42 USC Section 1985 pleads and claims, to wit:

1.(a). Since beginning on or about January 2003 in Atlanta, GA, New York, NY, and elsewhere the United States, the CCE, the Defendants, Knowingly, willfully, maliciously, in bad faith, and in reckless and depraved regard to the truth Defendants Margaret H. Murphy, Joyce Bihary, Coleman Bay Mullins, Pat Sinback, M. Regina Thomas, James H. Morawetz, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Audra P. Dial, Kilpatrick, Townsend & Stockton, LLP, Gerald B. Tjoflat, Stanley Marcus, Charles R. Wilson, Adelburto Jordan, Kenneth A. Zitter, Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Amro Internation, S.A., LH Financial, fugitive Thomas Badian, Ari Kluger, Michael Finkelstein, David N. Kelley, Alexander H. Southwell, Thomas r. Syohlom, Proskauer & Rose, LLP, and other Defendants, acting in their personal and individual capacity, as agent of, and/or on behalf of the United States, the CCE, and the Defendants Knowingly conspired in violation of 18 USC §§ 2, 371, 156-158, 1341, 1343, 1503, 1509, 401(2), 401(3), 1512, 1951(a), 1956-57, and 1962(d), all conspired to violate the First, Fifth, and Seventh Amendments of the United States Constitution by willfully denying Plaintiff access to

(35)

the U.S. Bankruptcy Court (ND GA) regarding Plaintiff's July 12, 2012 Rule 9024/60(d)(3)/60(b)(4,5) petition;

2(b). and all Defendants conspired acting as willing and eager participants in the operations, management, investment and criminal activities, 18 USC § 1961(5), of the CCE in Atlanta, GA in violation of 18 USC § 1962(d), by agreeing, colluding, acting in concert, confederating as an illegal association in fact under the direction and organization of Gerald B. Tjoflat, Sallie Q. Yates, John A. Horn, Margaret H. Murphy, Joyce Bihary, Coleman A. Mullins, Pat Sinback, M. Regina Thomas; and

3A. the Defendants while conspiring with each other and individually and personally with Tjoflat, Yates, Horn, Sand, Sweet, Murphy, Bihary, Mullins, KTS, Meir, Mills, Walker, Dial, Zitter, Southwell, Kelley, Roberts, Katzmann, Hall, Kim, Bharara, Polk-Failla, Morawetz, Linda T. Walker, Shoob, Evans, Thrash, Scofield, Fay, Pryor, Wm., Carnes, J., Carnes, E., and others known and unknown, willfully conspired to violate Plaintiff right to due process of law, access to the U.S. Bankruptcy Court, and fair, unbiased, and unbiased access to the U.S. Court of Appeals (11th Cir.) in 15-12568-F and 16-13978-G (11th Cir.); which caused Plaintiff extreme injuries, harms and damages to his personal pecuniary and liberty interests.

Jury Trial Demand:
Pursuant to the Seventh Amendment Plaintiff demands a trial by jury on Claims 2(a), 2(b), and 3A; and accord to statute.

Damage Demand:
Plaintiff hereby request the court to enter final judgment pursuant to Rule 12(c) of the Fed. R. Civ. P. on claims 2(a), 2(b), and 3A in favor of Ulysses T. Ware and award damages as follows:

(1). actual damages in the sum certain amount of $50.0 billion dollars;

(2) specific damages with respect to the delay since July 12, 2012

(36)

of processing Plaintiffs Rule 9024/60(d)(3) motion in the sum certain amount of $22.25 billion dollars; specific damages apropos 1.15 million shares of GPMT common stock of $22.25 - $38.00 million dollars;

(3)  18 usc § 1962(a-d) damages in the amount of $22.25 billion dollars;

(4).  18 usc § 1961-68 rico punitive damages in the sum certain amount of $22.25 billion dollars;

(5).  a reason attorneys fee to be determined at trial;

(6).  42 usc § 1985 punitive damages in the amount of $35 billion dollars; and

(7).  a reason attorneys fee, costs, and expenses to be determined at trial by expert testimony; or my stipulation of the parties.


Respectfully Submitted by Plaintiff:
Signed under oath and pursuant to the penalty of perjury on March 27, 2018 in Beaumont TX SHU #210.

Ulysses T. Ware, Es

Ulysses T. Ware, Esq.


End of Complaint

"The wickedness of the wicked shall be their reward."

Ulysses T. Ware, Esq
Reg. No. 56218-019
FCC Beaumont, Tx (low)
P.O. Box 26020
Beaumont, Tx 77720

Filed on March 28, 2018

RE: Ware v. Kim Jones, et al.
    42 USC 1983/1985 (Birens)
    18 USC 1962(d) (RICO)

Lawsuit

Special Inmate Legal Mail
    Do  Not Open



CLERK U.S. DISTRICT COURT
RECEIVED
APR - 3 2018
EASTERN DIST. OF TEXAS
BEAUMONT, TEXAS

Office of the District Clerk
U.S. District Court (EDTX)

300 Willow St.

Beaumont, TX 77701

Priority Processing Requested.